RIALL BARNES V. THE STATE.

No. 21065. Delivered May 22, 1940.
Rehearing Denied June 28, 1940.

The opinion states the case.

*Kennedy & Granberry,* of Crockett, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is theft of cattle; the punishment, confinement in the penitentiary for two years.

Mobley Curvey lost a cow which had been ranging in his pasture. The animal apparently had gone through bad fences to appellant's pasture. About six days after Curvey lost his cow she was recovered by an officer and delivered to Curvey. He positively identified her as his animal. The proof showed that the cow had been in appellant's possession and that he had sold her to Ned Coleman.

The State introduced appellant's confession, which, omitting the formal parts, reads as follows: "Last Monday night a week ago I went into my pasture and got two yearling calves. One of them belonged to Myrtle Jackson and I didn't know at that time who the other one belonged to. Myrtle had let me keep some cows for her in my pasture and this was one of her calves. I went over to Percilla to see Mr. Ned Coleman about buying these calves. I went over there it must have been about 10 o'clock that night. I told him that the woman hadn't treated me right and I was going to sell them to get some pay for my trouble. He said he couldn't get over there that night. I told him I wanted them out of there that night. Then he asked me what kind of yearlings there was and I told

him to the best I could and we agreed that he would pay me $15.00 and I agreed to take $15 for both of them. Then he told me that he guessed he come on tonight. I left and went home from his house and when I got home I went out to the barn and let the horses out. I went from the barn to get the yearlings out of the pasture I carries two rope lines and put the ropes about their necks and led them to Gayney ford. When I got there Mr. Ned was there waiting for me. I had told him to come down the road like he was going to the Gayner ford. He was in a Chevrolet 2-door sedan I would be for sure about the model but I think it was a 1934. I think it is black but I am not for sure about that either. We loaded the two calves in the back seat of the car. I don't think the seat was in there I think it had been taken out. After we loaded them he paid me. He just handed me two bills, a ten and a five. To-day I learned that the other calf belonged to Mobley Curvey. I knew at the time that I sold it to Mr. Coleman that it didn't belong to me and I knew neither one of them didn't belong to me. I really knowed that night I was doing wrong. I knew that I was violating the law."

Taking the stand in his own behalf, appellant denied that he had fraudulently taken Curvey's cow. It was appellant's version that Myrtle Jackson's cattle were in his pasture and that she had given him authority to sell the increase of such cattle, and that when he took up Curvey's animal and sold it he believed that it was the increase of Myrtle Jackson's cattle. Myrtle Jackson testified that appellant had the authority to sell her cattle. However, she said: "I did not mean that he could take the cattle and sell them and stick the money in his pocket without asking me anything about it. He never did pay me any money for the calves he sold on the night of April 17th. And he has not paid me until yet." The witness stated further that she had made no demand on appellant for the money.

It is appellant's contention that the evidence is insufficient to sustain the conviction. We are unable to agree with this contention. In the confession, which we have heretofore set out, appellant stated that one of the animals he sold to Ned Coleman belonged to Myrtle Jackson. However, he also stated that he did not know at the time he made the sale who the other animal belonged to. In short, the jury were warranted in concluding, from the statements embraced in the confession, that appellant did not think at the time he sold Curvey's cow that

she belonged to Myrtle Jackson. Appellant stated in the confession that the animal did not belong to him.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Appellant renews his contention that the evidence does not support the conviction. In the light of this insistence we have again examined the facts and the opinion expressed originally has not been changed. It is not deemed necessary to further discuss in detail the evidence.

The motion for rehearing is overruled.